UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **PHILIP OSCAR EMIABATA,**<br><br>　　　　　　Appellant,<br><br>　　v.<br><br>**GERARD R. VETTER,** Acting United States Trustee, Region 4,<br><br>　　　　　　Appellee. | Case No. 23-cv-02008 (CRC) |

**OPINION & ORDER**

　　Pro se appellant Philip Emiabata is no stranger to litigation. After hearing evidence that Mr. Emiabata and his wife have collectively filed over ten cases in the past ten years, the Bankruptcy Court for the District of Columbia dismissed his Chapter 13 bankruptcy petition and prohibited him from initiating any bankruptcy case in any federal district for the next four years. See Order Granting Motion to Dismiss Case With Prejudice for Four Years, In re Emiabata, No. 23-00090-ELG (Bankr. D.D.C. June 23, 2023); Mot. Dismiss, In re Emiabata, No. 23-00090-ELG (Bankr. D.D.C. May 17, 2023). Emiabata appealed that decision to this Court. See Notice of Appeal, ECF No. 1. Two months later, again in this district, he filed a complaint against his creditors seeking to prevent foreclosure on property in Texas. See Compl., Emiabata v. Bank of N.Y. Mellon Trust Co., No. 23-cv-02857 (D.D.C. Sept. 26, 2023). Given the location of the property and the lack of any connection to the District of Columbia, Judge Friedrich transferred the creditor suit to the Western District of Texas on venue grounds. See Transfer Order, Emiabata v. Bank of N.Y. Mellon Trust Co., No. 23-cv-02857 (D.D.C. Oct. 3, 2023) (citing 28 U.S.C. § 1391(b)). Emiabata then appealed the transfer to the D.C. Circuit through a mandamus petition. See Pet. for Writ of Mandamus, In re Emiabata, No. 23-7161 (D.C. Cir. Nov. 29, 2023).

Citing the pending mandamus action, Emiabata asks this Court to stay its proceedings and any enforcement of the Bankruptcy Court's Chapter 13 dismissal order. Mot. Stay at 3.[1] He contends that a stay is appropriate in this case "to prevent irreparable injury" to him and because issues at play in the mandamus case "would at minimum complicate [this] appeal." Id. at 3, 10. The Acting United States Trustee, Gerard Vetter, opposes the motion, arguing that a ruling in the mandamus case in Emiabata's favor would not affect this appeal and there is no evidence Emiabata would be harmed by the absence of a stay. Resp. at 6. Because the Court agrees that the outcome of the appeal of Judge Friedrich's transfer order will have no effect on this appeal of the bankruptcy dismissal, it will deny the Motion to Stay.

I.  **Legal Standard**

"A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere." Marsh v. Johnson, 263 F. Supp. 2d 49, 52 (D.D.C. 2003) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).[2] In considering a stay, courts must "'weigh competing interests and maintain an even balance' between the court's interests in judicial economy and any possible hardship to the parties." Belize Soc. Dev. Ltd. v. Gov't of Belize, 668 F.3d 724, 732–33 (D.C. Cir. 2012) (quoting Landis, 299 U.S. at 254–55). "In other words, hardship to the parties and benefits to judicial economy are the key interests to consider in evaluating a motion for a stay." Nat'l Indus. for Blind v. Dep't of Veterans Affs., 296

---

[1] Emiabata also requests an order staying execution of dismissal in a subsequently filed Bankruptcy Court proceeding, but he did not file an appeal of that order and the Court therefore lacks jurisdiction over it. See Mot. Stay at 3 (citing Emiabata v. Bank of N.Y. Mellon Trust Co., No. 23-10028-ELG (Bankr. D.D.C. Nov. 16, 2023)); see also 28 U.S.C. § 158(c).

[2] Though Emiabata has styled his motion as a "Motion to Stay Execution of Judgment Pending Appeal," he has not appealed any judgment of this Court. The Court will therefore treat the motion as one for stay pending resolution of an independent legal proceeding.

2

F. Supp. 3d 131, 137 (D.D.C. 2017). "The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997) (citing Landis, 299 U.S. at 255).

II.   Analysis

Emiabata asserts that he faces the prospect of irreparable injury absent a stay because his creditors "[m]ay [f]oreclos[e] [his] property which are the subject of this appeal," and thereby "make the appeal moot." Mot. Stay at 8–9 (contending that "[m]any courts have found irreparable harm where absent a stay pending appeal, the appellant stood to lose its ability to appeal"). However, this case solely concerns whether the Bankruptcy Court abused its discretion in dismissing his Chapter 13 case and barring him from re-filing. See Appellant Br. at 7. On that score, he can appeal any final adverse judgment pursuant to 28 U.S.C. § 158(d), regardless of the property foreclosure. And though Emiabata rehashes his claims of "violation of procedural fair due process," "fraud upon the court," and "selective prosecution" in the Chapter 13 case, Mot. Stay at 13–14; Reply at 2–3, issuing a stay would only further delay the Court's review of these claimed violations. Accordingly, Emiabata has not demonstrated a "clear case of hardship or inequity in being required to go forward." Landis, 299 U.S. at 255.

Considerations of judicial economy similarly do not favor a stay. Emiabata insists that a stay is appropriate because the mandamus case will address jurisdiction in the Chapter 13 case. See Mot. Stay at 5 ("[T]he Bankruptcy Court [m]ay not have Jurisdiction; this depend[s] on the outcome[] of the DC., Circuit Court of Appeals."). However, as the Trustee points out, the mandamus case "would address only venue, and it would address only venue in a civil action, not venue in a bankruptcy case." Resp. at 6–7 (noting that the Bankruptcy Court premised venue on 28 U.S.C. § 1408(1), while the civil action is governed by 28 U.S.C. § 1391(b)). Moreover, Emiabata has never challenged venue in the Chapter 13 case. See Appellant Br. at 2–4 (listing

twenty-two questions presented but none relating to venue).  Emiabata protests that the D.C. Circuit "may well reach a different conclusion than the Bankruptcy Court[.]"  Mot. Stay at 17.  But he has not appealed any decision of the Bankruptcy Court to the D.C. Circuit.  Though courts should "avoid duplicative litigation" where "parallel litigation that is factually related is ongoing in another forum," these cases concern distinct legal and factual issues and therefore must be resolved separately.  Serv. Emps. Int'l Union Nat'l Indus. Pension Fund v. UPMC McKeesport, No. 22-cv-249, 2022 WL 3644808, at *2 (D.D.C. Aug. 24, 2022) (quoting Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)).

Because the Court finds that a stay would neither save Emiabata from irreparable injury nor promote efficient use of the Court's resources, such an "extraordinary remedy" is not warranted.  Nat'l Indus. for Blind, 296 F. Supp. 3d at 137.  Accordingly, the Court will deny the motion for stay.

### III.  Conclusion

For these reasons, it is hereby

**ORDERED** that [Dkt. No. 17] Appellant's Motion to Stay Execution of Judgment is DENIED.  Appellant shall file any reply to [Dkt. No. 19] Appellee's Brief by February 8, 2024.

**SO ORDERED.**

CHRISTOPHER R. COOPER
United States District Judge

Date: February 1, 2024