UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PHILIP OSCAR EMIABATA**, <br><br> Appellant, <br><br> v. <br><br> **GERARD R. VETTER**, Acting United States Trustee, Region 4, <br><br> Appellee. | Case No. 23-cv-02008 (CRC) |

## MEMORANDUM OPINION

This case began with the filing of the latest in a series of bankruptcy petitions by *pro se* appellant Philip Emiabata. Seeking to prevent foreclosure on two properties in Texas, Mr. Emiabata and his wife have filed at least eighteen Chapter 13 bankruptcy cases in eight different jurisdictions over the last twenty years. See Appellee Br. at I-V. These petitions have reported materially different debt amounts, income, and home and business addresses, leading some courts to question the veracity of the Emiabatas' representations. See, e.g., Emiabata v. Bank of New York Mellon Tr. Co., Nat'l Ass'n, No. 3:19-CV-01507 (KAD), 2020 WL 4016068, at *4 (D. Conn. July 16, 2020). Each case has resulted in dismissal. See Appellee Br. at I-V; see also Appellee's Notice of Suppl. Authority at 2.

Against this backdrop, in June 2023, the U.S. Bankruptcy Court for the District of Columbia granted the Acting United States Trustee's motion to dismiss Mr. Emiabata's then-pending Chapter 13 petition in that court and barred Mr. Emiabata from filing further bankruptcy cases in any jurisdiction for a period of four years. See Order Granting Mot. to Dismiss Case With Prejudice for Four Years, In re Emiabata, No. 23-00090-ELG (Bankr. D.D.C. June 23, 2023). Mr. Emiabata timely appealed to this Court, contending that the Bankruptcy Court lacked

jurisdiction to enter the order and violated his rights under the Due Process Clause. See Op. Br. at 23–30. Finding the Bankruptcy Court's factual findings not clearly erroneous and more than sufficient to support both dismissal and the refiling bar, the Court affirms.

## I. Jurisdiction & Standard of Review

United States district courts have jurisdiction to hear appeals of the judgments, final orders, and decrees of bankruptcy courts under 28 U.S.C. § 158(a). "Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." Ritzen Grp., Inc. v. Jackson Masonry, LLC, 589 U.S. 35, 37 (2020) (citing Bullard v. Blue Hills Bank, 575 U.S. 496, 501 (2015)). Here, because the Bankruptcy Court's order disposed of the entire case, and Emiabata timely noticed an appeal, this Court has jurisdiction to review the dismissal order. See also In re Benoit, 564 B.R. 799, 804 (B.A.P. 1st Cir. 2017) ("An order dismissing a Chapter 13 case is a final, appealable order." (citation omitted)).

Because it sits "[a]s an appellate court, the Court reviews legal questions and conclusions *de novo* and reviews findings of fact under a clearly erroneous standard." In re Hardy, 589 B.R. 217, 220 (D.D.C. 2018). For "equitable and discretionary decisions of the Bankruptcy Court," the standard of review is abuse of discretion. In re Akers, No. 22-CV-2955 (RC), 2023 WL 6312403, at *2 (D.D.C. Sept. 28, 2023) (collecting cases). Accordingly, "[r]eviewing courts will affirm a bankruptcy court's order barring subsequent filings by a particular debtor if they can discern neither legal nor factual error, nor abuse of discretion, in the bankruptcy court's ruling." In re Sindram, 536 B.R. 35, 38 (D.D.C. 2015) (internal quotation marks omitted) (quoting In re Casse, 198 F.3d 327, 341 (2d Cir. 1999)). The burden of proof is on "the party that seeks to

reverse the bankruptcy court's holding." Advantage Healthplan, Inc. v. Potter, 391 B.R. 521, 537 (D.D.C. 2008).

## II.  Analysis

The Court finds neither legal nor factual error, nor abuse of discretion, in the Bankruptcy Court's dismissal of Mr. Emiabata's Chapter 13 petition or its imposition of a four-year refiling bar.

A bankruptcy court may dismiss a case on motion of the United States Trustee "for cause." 11 U.S.C § 1307(c). In dismissing Emiabata's petition, the Bankruptcy Court cited three independent causes: (1) "failure to provide the [] documents [required under 11 U.S.C. § 521]," (2) "material delay" in resolving deficiencies in his petition, and (3) a finding that the petition was part of a "long-pending attempt to delay, hinder, or . . . otherwise misuse the bankruptcy system." See Hr'g Tr. at 31–32, In re Emiabata, No. 23-00090-ELG (Bankr. D.D.C. July 14, 2023), ECF No. 37. Any one of these reasons would be sufficient cause for dismissal. See 11 U.S.C. § 1307(c)(1) (listing "unreasonable delay by the debtor that is prejudicial to creditors"); 11 U.S.C § 1307(c)(10) (listing "failure to timely file the information required by paragraph (2) of section 521(a)"); King v. States Res. Corp., 233 F. App'x 1, 2 (D.C. Cir. 2007) ("11 U.S.C. § 1307(c) authorizes bankruptcy courts to dismiss Chapter 13 petitions that are filed in bad faith."). The Bankruptcy Court further relied on a decision by the U.S. Bankruptcy Court for the District of Connecticut, which dismissed Mr. Emiabata's wife's Chapter 13 petition based on a finding of bad faith and ordered that any further filings by the couple would be met with an order to show cause why the case should not be dismissed with a two-year refiling bar. See In re Emiabata, 642 B.R. 481, 486–87 (Bankr. D. Conn. 2022); Hr'g Tr. at 29–32. As in that case, the Bankruptcy Court here found that Mr. Emiabata had filed his Chapter 13 petition not for the

3

purpose of reorganization, but to stall pending foreclosure proceedings on his properties in Texas using the automatic stay provision of 11 U.S.C. § 362—an abuse of the bankruptcy system. Hr'g Tr. at 31–32.

Though Emiabata generally questions what documents he may have failed to provide and denies that any delay prejudiced his creditors, he generally admits that "[t]he Bankruptcy Court may [have] had a valid basis for dismissing the case under any of these grounds under § 1307(c)[.]" Op. Br. at 31–32. Even without this admission, Emiabata's unsupported assertions do not meet his burden of demonstrating legal or factual error in the dismissal. What he primarily challenges is the four-year refiling bar, calling it an unduly "extreme sanction." Id. at 32. While serious, imposition of the bar was not an abuse of discretion.

The refiling bar was properly predicated on the Bankruptcy Court's finding that Emiabata's "almost-twenty-year" "scheme" was a "misuse [of] the bankruptcy system." Hr'g Tr. at 31–32. That finding was not clearly erroneous. In his filings before this Court, Emiabata has confirmed several times that he instituted these proceedings for the purpose of preventing foreclosure on his properties rather than reorganization. See Op. Br. at 32 ("Plaintiff-Appellant bankruptcy case filed were all based on . . . plaintiff-appellant try to get its properties[.]"); id. at 37 ("Hence for appellant to save [h]is properties, appellant utilize the Bankruptcy."); see also Reply at 13 ("Debtor in these said courts in order to get back his properties taken by these tortfeasor creditors."). This repeated admission is not a justification for Emiabata's conduct but rather evidence of bad faith. See In re Casse, 198 F.3d at 332 ("The filing of a bankruptcy petition merely to prevent foreclosure, without the ability or the intention to reorganize, is an abuse of the Bankruptcy Code. Serial filings are a badge of bad faith, as are petitions filed to forestall creditors." (citation omitted)); In re Wenegieme, No. 17-CV-2100 (RJS), 2018 WL

4

9536800, at *3 (S.D.N.Y. Jan. 9, 2018) ("Appellant's history as a serial filer and her stated purpose of thwarting foreclosure attempts alone justify the Bankruptcy Court's conclusion" of bad faith)).  And "[a] bankruptcy court's finding of bad faith, or of an abuse of the bankruptcy process, particularly in the case of serial filers, is generally considered sufficient cause to impose a bar to refiling for more than 180 days."  In re Riddle, No. 19-8022, 2020 WL 3498438, at *11 (B.A.P. 6th Cir. June 29, 2020) (citation omitted).

Though Emiabata challenges the order as failing to consider "less restrictive means," the length and nationwide effect of the refiling bar were not an abuse of discretion either.  Appellant Suppl. Br., ECF No. 16, at 11.  Bankruptcy courts have imposed longer bars against debtors with similar filing histories.  See In re Via, No. 3:19-bk-33999, 2020 WL 1015264, at *5 (Bankr. E.D. Tenn. Feb. 27, 2020) (barring refiling for five years where the debtor had filed eleven cases across eighteen years).  And the Bankruptcy Court's conclusion that a bar in this district alone would be insufficient was not clearly erroneous, given the court's finding that Emiabata had filed in the District of Columbia solely to avoid the consequences of the adverse Connecticut ruling.  See Hr'g Tr. at 31–32.  Indeed, despite the Bankruptcy Court's order, Emiabata has continued to file in other jurisdictions, garnering further refiling bars.  See, e.g., Order, In re Emiabata, No. 23-11654-BLS (Bankr. D. Del. Nov. 1, 2023), ECF No. 22 (dismissing the petition with prejudice and barring refiling for four years); Order Dismissing Case *Nunc Pro Tunc* with Prejudice, In re Emiabata, No. 24-00383-5-DMW (Bankr. E.D.N.C. Feb. 7, 2024), ECF No. 13 (dismissing the petition *nunc pro tunc* in light of the existing refiling bars and extending the prohibition to five years).

Emiabata also mounts two challenges to the broader proceeding, neither of which warrants reversal.[1] First, he contends that the Bankruptcy Court lacked jurisdiction over his Chapter 13 petition because his wife's petition was simultaneously pending before the U.S. Bankruptcy Court for the District of Connecticut. Op. Br. 24–27; Reply at 14–15. But bankruptcy courts have jurisdiction over all cases under Title 11 of the U.S. Code, see 28 U.S.C. § 157, and Mr. Emiabata cites no authority for the proposition that Mrs. Emiabata's concurrent bankruptcy proceeding in Connecticut divested the Bankruptcy Court in the District of Columbia of jurisdiction over his individual petition. Second, he contends that the ruling violated his rights under the Due Process Clause because he never received an evidentiary hearing and was allegedly denied time to obtain counsel. See Op. Br. at 33–34; Reply at 8. But the Bankruptcy Court did hold an evidentiary hearing, where Emiabata was given ample opportunity to explain his behavior, and there is no evidence in the record that he ever moved for time to retain counsel. See Hr'g Tr. at 1, 10–25.

Finally, Emiabata seeks review of the Bankruptcy Court's denials of his subsequent motions for reconsideration under Rules 59 and 60 of the Federal Rules of Civil Procedure, see Appellant's Suppl. Br., made applicable to bankruptcy courts by Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure. But as the Trustee notes, "[i]f a party intends to challenge an order disposing of any motion" under Rules 9023 or 9024, "the party must file a notice of appeal or an amended notice of appeal" within 14 days of that order. Fed. R. Bankr. P. 8002(b)(3). Emiabata never noticed an appeal to either order, nor did he amend his notice of appeal. And "[b]ecause filing a timely notice of appeal is 'mandatory and jurisdictional,'" the

---

[1] He also raises several challenges inapplicable to this appeal, which the Court need not address. See, e.g., Reply at 17–22 (raising Rule 11, double jeopardy, and criminal contempt challenges).

Court "lacks jurisdiction to review the Bankruptcy Court's denial of [Appellant's] motion for reconsideration of [the] judgment that [he] challenges in his first appeal." Sloan v. Allen, 415 F. Supp. 3d 77, 82 (D.D.C. 2019) (quoting Owens v. Grigsby, 575 B.R. 1, 3 (D.D.C. 2017)).

Given Emiabata's avowed purpose of repeatedly misusing the bankruptcy system to stymie his creditors, the Court finds no error in the Bankruptcy Court's dismissal with prejudice or imposition of a four-year refiling bar.

### III. Conclusion

For these reasons, the Court will affirm the judgment of the Bankruptcy Court in a separate order that accompanies this Memorandum Opinion.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date: July 18, 2024